JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1331 JGB (SPx)** | Date | August 20, 2020 |
|---|---|---|---|
| Title | *District Attorney of Riverside County v. Credit One Bank, N.A.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order (1) GRANTING Petitioner's Motion for Remand (Dkt. No. 7) (IN CHAMBERS)**

Before the Court is Motion for Remand filed by Petitioner District Attorney of Riverside County. ("Motion," Dkt. No. 7.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

## I.   BACKGROUND

On June 25, 2020, Petitioner filed a Petition for Order to Show Cause re Enforcement of Investigative Subpoena in the Superior Court of the State of California for the County of Riverside against Respondent Credit One Bank, N.A. ("Petition," Dkt. No. 1-1.) On July 1, 2020, Respondent Credit One Bank, N.A. removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Petitioner filed the Motion on July 9, 2020. Respondent opposed the Motion on July 27, 2020. ("Opposition," Dkt. No. 13.) Petitioner replied in support of the Motion on July 31, 2020. ("Reply," Dkt. No. 15.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of

citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists.  A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought."  28 U.S.C. § 1441(b)(2).  And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

### III.  DISCUSSION

Petitioner has not yet filed any claim against Respondent in either federal or state court.  Instead, Petitioner seeks to enforce a state court subpoena.  (See Petition.)  Respondent argues that it is entitled to remove to federal court because federal law governs the enforcement of the subpoena.

The preemption doctrine applies to those *claims* that are wholly preempted by federal law.  Young v. Anthony's Fish Grottos, Inc., 830 F2d 993, 997 (9th Cir. 1987) (holding that "[i]f the plaintiff could not have asserted a *federal claim* based on the allegations *of her state law complaint*, she could not have brought the case originally in federal court as required for removal jurisdiction under section 1441.")  And removal allows a defendant to remove those *claims* that could have been brought in federal court.  28 U.S.C. § 1441(a); Exxon Mobil Corp. v. Allapattah Services, Inc., 545 US 546, 563 (2005) ("[D]istrict court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of *the claims* constituting the action.")(emphasis added).  There is no claim here.  Accordingly, removal is not proper.

### IV.  CONCLUSION

For the reasons above, the Court GRANTS Petitioner's Motion and REMANDS the matter to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**